# NOTICE TO THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION OF MULTICIRCUIT PETITIONS FOR REVIEW

IN RE: Federal Communications Commission, *Incarcerated People's Communications Services; Implementation of the Martha Wright-Reed Act*, FCC 24-75 (released July 22, 2024; published in part in the Federal Register on August 26, 2024)

No. __-____

---

## NOTICE OF MULTICIRCUIT PETITIONS FOR REVIEW

---

Pursuant to 28 U.S.C. § 2112(a)(3) and the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the Federal Communications Commission hereby provides notice of four petitions for review, filed in four different courts of appeals, of the same final agency action. *See Incarcerated People's Communications Services; Implementation of the Martha Wright-Reed Act*, FCC 24-75 (released July 22, 2024), 89 Fed. Reg. 68,369 (Aug. 26, 2024).

Each petition for review was filed within ten days after publication of a portion of the challenged order in the Federal Register, and the FCC received each petition from its respective petitioner within that ten-day period. Specifically, we note the following regarding the petitions filed in

1

the First Circuit, by Petitioner Direct Action for Rights and Equality, and in the Ninth Circuit, by Petitioner Criminal Justice Reform Clinic.

Under the FCC's rules, a petitioner must—by 5:30 p.m. Eastern Time on the tenth day after publication of the challenged order in a rulemaking proceeding—email the FCC's Office of General Counsel a copy of its petition for review "as filed and date-stamped by the court of appeals within which it was filed." 47 C.F.R. § 1.13(a)(1); *see id.* § 1.4(b)(1). The FCC has further stated that, "[i]f a date-stamped copy of the petition is not available because the court accepts only electronic filing of petitions for review, it is acceptable to obtain a form of the petition that proves the date on which it was filed." *Office of General Counsel Announces July 25, 2016 Effective Date of New FCC Rule Regarding Notice of Litigation by Email; Updates Guidance for Litigants Seeking to invoke the Judicial Lottery Procedure*, 31 FCC Rcd 7275, 7276 (2016).

Petitioners Direct Action for Rights and Equality and Criminal Justice Reform Clinic served on the Commission by 5:30 p.m. on September 5, 2024—the deadline under Section 1.13 of the agency's rules—copies of their petitions and proof of filing and acceptance by the First and Ninth Circuit Courts of Appeals, respectively. However,

because of delays by the Courts of Appeals in processing these petitions, copies of the petitions were not available through ECF with an ECF-dated header until later. (Both petitioners provided the FCC copies of their petitions from ECF once they were available.) Because the parties complied with the governing Circuit rules for filing petitions and provided proof of filing to the FCC before the 5:30 p.m. deadline set forth in Section 1.13(a) of the agency's rules, we have identified their petitions for inclusion in the "random selection" process prescribed under 47 U.S.C. § 2112(a)(3). *See Loc. Union 36, Int'l Bhd. of Elec. Workers, AFL-CIO v. N.L.R.B.*, 631 F.3d 23, 29 (2d Cir. 2010) ("Local Union 36's service on the NLRB of the petition for review, accompanied by the date-stamped email in which it was filed, within ten days thus satisfied the requirements of section 2112(a)(2)."); *see also In re FERC*, No. MCP 175, 2024 WL 1596933, at *2 (U.S. Jud. Pan. Mult. Lit. Apr. 11, 2024) (citing *Local Union 36*); *In re FERC*, 341 F. Supp. 3d 1378, 1380 n.2 (U.S. Jud. Pan. Mult. Lit. 2018) (same).

As required by Panel Rule 25.2, we submit with this notice: (1) a schedule (Attachment A) listing the petitions for review; (2) copies of each petition (Attachment B); and (3) the order the petitioners are challenging (Attachment C). In accordance with Panel Rule 25.3, as indicated in the

attached certificate of service, the FCC is serving this notice on the clerks of the courts where the petitions for review have been filed, as well as on counsel for all parties in the petitions for review.

Dated:  September 16, 2024        Respectfully submitted,

/s/  Jacob M. Lewis

P. Michele Ellison
michele.ellison@fcc.gov
*General Counsel*

Jacob M. Lewis
jacob.lewis@fcc.gov
*Deputy General Counsel*

Sarah Citrin
sarah.citrin@fcc.gov
*Assistant Deputy General Counsel*

Matthew J. Dunne
matthew.dunne@fcc.gov
*Counsel*

FEDERAL COMMUNICATIONS
    COMMISSION
45 L Street NE
Washington, DC 20554
(202) 418-1740
fcclitigation@fcc.gov

# ATTACHMENT A

**SCHEDULE REQUIRED BY RULE 25.2 OF THE RULES OF PROCEDURE OF THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Date of order's release: July 22, 2024

Date of Federal Register publication of portions of the order addressing petitions for reconsideration, clarification, and waiver: August 26, 2024

| Case Name | Circuit Court | Docket Number | Filing Date | Date received by FCC |
|---|---|---|---|---|
| *Direct Action for Rights and Equality v. Federal Communications Commission and United States of America* | First Circuit | 24-1814 | September 5, 2024 | September 5, 2024* |
| *Pennsylvania Prison Society v. Federal Communications Commission and United States of America* | Third Circuit | 24-2647 | September 5, 2024 | September 5, 2024 |
| *Securus Technologies, LLC v. Federal Communications Commission and United States of America* | Fifth Circuit | 24-60454 | September 4, 2024 | September 4, 2025 |
| *Criminal Justice Reform Clinic v. Federal Communications Commission and United States of America* | Ninth Circuit | 24-5438 | September 5, 2024 | September 5, 2024* |

---

* See Notice of Multicircuit Petitions of review regarding the timing of these petitions.

# ATTACHMENT B

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

DIRECT ACTION FOR RIGHTS AND
EQUALITY,

*Petitioner*,

v.

No._____

FEDERAL COMMUNICATIONS
COMMISSION and UNITED STATES,

*Respondents.*

**Received Electronically**
**September 5, 2024**
**United States Court of Appeals**
**For the First Circuit**

**PETITION FOR REVIEW**

Pursuant to 5 U.S.C. § 702, 42 U.S.C. § 402(a), 28 U.S.C. §§ 2342(1) and 2344, and Federal Rule of Appellate Procedure 15(a), Direct Action for Rights and Equality ("DARE") hereby petitions this Court to review the Report and Order, Order on Reconsideration, Clarification, and Waiver of Respondent Federal Communications Commission ("FCC") captioned *In the Matter of Incarcerated People's Communication Services; Implementation of the Martha-Wright Reed Act; Rates for Interstate Inmate Calling Services*, WC Docket Nos. 23-62 & 12-375, FCC 24-75 (released July 22, 2024) ("Order") (Ex. A).

The complete Order has yet to be published in the Federal Register. However, on August 26, 2024, a small portion of the Order was published in the Federal Register. *See* 89 Fed. Reg. 68,369 (Aug. 26, 2024) (Ex. B). The published portion of the Order addresses petitions for reconsideration, clarification, and waiver. The remainder of the Order—including its key substantive provisions—has yet to be published in the Federal Register.

Given the limited publication at this date, DARE believes that the Order is not yet reviewable. However, to safeguard its rights in pursuing litigation, DARE is filing a protective

petition at this time to ensure that it is entitled to review, in the event that the Order is deemed now reviewable.

Venue is proper in this Court pursuant to 28 U.S.C. § 2342(1) because DARE's principal place of business is 340 Lockwood Street, Providence, Rhode Island 02907.  DARE submitted comments in the underlying proceeding before the FCC and is aggrieved by the Order itself not the published excerpts) within the meaning of 28 U.S.C. § 2344, although DARE does not claim to be separately aggrieved by the limited portion of the Order published on August 26, 2024.

The Order implements the Martha Wright-Reed Just and Reasonable Communications Act of 2022, Pub. L. No. 117-338, 136 Stat. 6156 (2023) (codified at 47 U.S.C. §§ 152–153, 276), which required the FCC to establish a compensation plan for incarcerated people's communication service ("IPCS") providers and to adopt rate caps for incarcerated people's audio and video communication services.

The Act amended the Communications Act of 1934, 47 U.S.C. § 151 *et seq.*, by mandating that all rates and charges fir incarcerated people's communication services be just and reasonable; by expanding the FCC's authority over IPCS beyond traditional payphone service in correctional institutions to also encompass advanced communication services, such as video; by eliminating the requirement that individuals utilizing incarcerated people's communications services—both incarcerated individuals and their families—pay providers on a per-call basis; and by directing the FCC to complete a rulemaking to implement the Act's requirements.  But the Order adopted by the FCC maintains some of the very barriers to keeping families connected that Congress passed the Act to eliminate.  In particular, the FCC declined to adopt certain consumer protection measures and permitted the recovery of safety and security costs that are not used and useful in the provision of IPCS through its regulated rate caps.

Accordingly, DARE seeks review of the Order on the grounds that it is arbitrary, capricious, an abuse of discretion, and/or otherwise contrary to law within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* DARE respectfully requests that the Court hold aspects of the Order unlawful and remand the matter to the FCC for further proceedings.

Dated: September 5, 2024

Respectfully submitted,

*/s/ Jessica Ring Amunson*
Jessica Ring Amunson
Jenner & Block LLP
1099 New York Ave, N.W. Suite 900
Washington, D.C. 20001
(202) 639-6000
jamunson@jenner.com

*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Petition for Review was served on

September 5, 2024, by e-mail on the following:

P. Michelle Ellison
General Counsel
Federal Communications Commission
45 L Street NE
Washington, DC 20554
LitigationNotice@fcc.gov

I hereby certify that a copy of the foregoing Petition for Review was served on

September 5, 2024, by first-class mail on the following:

Merrick Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530

*/s/ Jessica Ring Amunson*
Jessica Ring Amunson

*Before the*
**UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

...

| | | |
|---|---|---|
| Pennsylvania Prison Society, | ) | |
|      Petitioner, | ) | |
|      v. | ) | |
| Federal Communications Commission | ) | No. 24- |
|      and the | ) | |
| United States of America, | ) | |
|      Respondents. | ) | |

**PETITION FOR REVIEW**

Pursuant to 47 U.S.C. §402(a), 28 U.S.C. §§2342(1) and 2344, and Rule

15(a) of the Federal Rules of Appellate Procedure, the Pennsylvania Prison Society

(PPS) seeks review of one aspect of the attached Order of the Federal

Communications Commission ("FCC" or "Commission"), *Incarcerated People's*

*Communications Services; Implementation of the Martha Wright-Reed Act, Rates*

*for Interstate Inmate Calling Services, Report and Order, Order on*

*Reconsideration, Clarification and Waiver, and Further Notice of Proposed*

*Rulemaking*, Docket No. 12-375 and Docket No. 23-62 (released July 22,

2024)("*Order"*).

On August 26, 2024, a synopsis of a small portion of the *Order* was

published in the Federal Register at 89 Fed. Reg. 68369 (August 26, 2024).

(Attachment A.) A copy of the entire *Order,* most of which has yet to be published

in the Federal Register, is attached as Exhibit B to this Petition.

As is explained below, this petition for review is being filed as a protective matter because PPS believes that only the portion published in the Federal Register on August 26, 2024 is reviewable at this time; the one portion of the *Order* as to which PPS seeks review has not been published in the Federal Register.  In the event this or another Court deems the entire *Order* to be reviewable at this time, this protective petition for review would be operative.[1]

As the title of the *Order* indicates, it encompasses a "*Report and Order*" adopting regulations implementing the Act, as well as a short and wholly segregable "*Order on Reconsideration, Clarification and Waiver*."  The August 26, 2024 Federal Register publication is limited to providing a "Synopsis" of the *Order on Reconsideration, Clarification and Waiver*, which is set out in paragraphs 599-607 (on pages 319-322) of the *Order.*  To date, the text and rules constituting the *Report and Order*, which appear at paragraphs 1-598 (pages 3-319) and Appendix A

---

[1]PPS understands that at least one petition for review of the *"Order on Reconsideration, Clarification and Waiver* portion of the *Order* has been filed. PPS believes that to the extent such other petition or petitions for review do not relate to the *Report and Order* portion of the *Order*, they have no bearing on the timing or venue of this or any other petition for review of the *Report and Order* portion of the *Order* as may be filed subsequent to the Federal Register publication of the *Report and Order* portion of the *Order*.  However, as a protective matter, PPS intends to submit this petition for review for random selection pursuant to 28 U.S.C. §2112(a) in the event that any of these other petitions for review are treated as qualifying for such random selection as may implicate the *Report and Order* portion of the *Order*.

(pages 334-352) of the *Order* have not been published in the Federal Register.

Venue in this Court is proper under 28 U.S.C. §2343.  This petition is timely with respect to the August 26, 2024 Federal Register publication because it is being filed within the 60 day deadline established in 28 U.S.C. §2344.  It is also timely with respect to the random selection procedures set out in 28 U.S.C. §2112(a)(1), as it is being filed within ten days of the August 26, 2024 Federal Register publication.

The *Report and Order* portion of the *Order* implements the Martha Wright-Reed Martha Wright-Reed Just and Reasonable Communications Act of 2022, Pub. L. No. 117-338, 136 Stat. 6156 (the Act.  That statute significantly expands the Commission's jurisdiction over incarcerated people's communications services (IPCS) and directs the Commission to "establish a compensation plan to...ensure just and reasonable charges for interstate and intrastate telephone and advanced communications services in correctional and detention facilities."[2]  The *Report and Order* portion of the *Order* adopts, *inter alia,* regulations governing charges for audio and video communications ICPS services.

PPS supports almost all the findings, rulings and regulations adopted in the *Report and Order* portion of the *Order.*  However, PPS does seeks review of one portion of the *Report and Order* on the grounds that it was arbitrary and capricious,

---

[2]*Id.*, pmbl.

an abuse of discretion, or otherwise not in accordance with law.  Specifically, PPS

challenges the determination allows IPCS providers to recover certain safety and

security costs in their rates.

PPS is a non-profit corporation operating pursuant to Section 501(c)(3) of the

Internal Revenue Code.  It was founded in 1787 by this country's founding fathers

out of  the notion that even though a person is incarcerated they still deserve the

same dignity and respect that every person deserves.[3]  The Society enjoys statutory

access to correctional facilities across the commonwealth where it is able to monitor

prison conditions, interview residents about conditions and work to keep families

together during incarceration.  In addition, the Society focuses on legislative

measures related to these conditions and works with key stakeholders on strategies

to address them.

The Society maintains a helpline through which people incarcerated in

Pennsylvania can report issues.  The vast majority of calls to the Society's helpline,

as well as from resident interviews, implicate serious conditions, including poor or

substandard health care and failures to provide assistive devices and aids.  The

Society resolves many of these reports administratively by  working directly with

---

[3]*See Pennsylvania Prison Society v. Cortes*, 622 F.3d 215, 229 (3d Cir.
2010).

jail and prison officials.  The Society also utilizes these reports in its broader work to improve conditions in facilities wholesale.  Legislators, advocates, and other interested parties work directly with the Society on these broader reform efforts. For these reasons, it is imperative that incarcerated people and their loved ones have low-cost and unimpeded access to the Society's helpline.

PPS' mission is to protect the health, safety, and dignity of incarcerated people and their families.  The ability to have contact, to have a family relationship is central to the dignity of incarcerated people and their families.  Excessive phone rates impede those relationships and thereby impair PPS' mission.

PPS was a party to the rulemaking proceeding from which review is sought. It will be injured if IPCS providers are allowed to recover excessive and inappropriate costs through their rates.  Excessive phone call rates historically impeded PPS' access to incarcerated persons, including by increasing the cost for incarcerated people to call PPS, and the cost PPS has had to pay when accepting collect phone calls from incarcerated persons.  Sometimes, incarcerated people cannot afford to call the Society's helpline and must instead resort to mail or other, slower forms of communication.  Similarly, family members and friends often cannot afford to speak with their incarcerated

PPS respectfully requests that the Court hold the contested portion of the

*Order* unlawful and vacate, enjoin and set aside those provisions of the *Order* and grant all such further relief as may be just and proper.

Respectfully submitted,

/s/ Andrew Jay Schwartzman

Andrew Jay Schwartzman
525 Ninth Street, NW
Seventh Floor
Washington, DC 20004
(202) 241-2408
AndySchwartzman@gmail.com

September 4, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September, 2024, I electronically filed the foregoing Petition for Review with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the Court's appellate CM/ECF system. I further certify that service was accomplished on all participants in the case via the Court's CM/ECF system.

I further certify that I have served the following by email:

P. Michele Ellison
General Counsel
Federal Communications Commission
Washington, DC 20554
FCCLitigation@fcc.gov

I further certify that I have served the following by US mail, postage prepaid:

Hon. Merrick Garland
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Respectfully submitted,

/s/ Andrew Jay Schwartzman

525 Ninth Street, NW
Seventh Floor
Washington, DC 20004
(202) 241-2408
AndySchwartzman@gmail.com

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

U.S. COURT OF APPEALS
RECEIVED
*08/30/2024*
FIFTH CIRCUIT

SECURUS TECHNOLOGIES, LLC,

*Petitioner*,

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents*.

No. 24-<u>60454</u>

**PETITION FOR REVIEW**

Pursuant to 5 U.S.C. §§ 702-704, 706, 47 U.S.C. § 402(a), 28 U.S.C.

§§ 2342(1) and 2344, and Rule 15(a) of the Federal Rules of Appellate Procedure,

Securus Technologies, LLC ("Securus") hereby petitions this Court for review of

an order of the Federal Communications Commission ("Commission").  *See*

Report and Order, Order on Reconsideration, Clarification and Waiver, and Further

Notice of Proposed Rulemaking, *Incarcerated People's Communication Services;*

*Implementation of the Martha Wright-Reed Act; Rates for Interstate Inmate*

*Calling Services*, WC Docket Nos. 23-62 & 12-375, FCC 24-75 (rel. July 22,

2024) ("*Order*") (Ex. A).

On August 26, 2024, the portion of the *Order* resolving petitions for

reconsideration, clarification, and waiver was published in the Federal Register.

*See* 89 Fed. Reg. 68,369 (Aug. 26, 2024) (Ex. B).[1]  Among the petitions the

Commission resolved were Securus' petition for waiver and its petition for

clarification, each of which the Commission denied.  *See Order* ¶¶ 604-607; *see*

*also* 89 Fed. Reg. at 68,369-70, 68,375.

This Court has jurisdiction pursuant to 47 U.S.C. § 402(a) and 28 U.S.C.

§ 2342(1).  This petition is timely filed within 60 days of the publication of the

*Order* in the Federal Register on August 26, 2024.  *See* 28 U.S.C. § 2344.  Securus

has its principal office in this judicial circuit.  Venue is therefore proper in this

Court under 28 U.S.C. § 2343.

Securus seeks relief on the grounds that the Commission's denials of its

clarification and waiver petitions were arbitrary, capricious, and an abuse of

discretion within the meaning of the Administrative Procedure Act and are

otherwise contrary to law and unsupported by substantial evidence.  This Court

should grant the petition; hold unlawful, vacate, enjoin, and set aside the denials of

Securus' clarification and waiver petitions; and grant such additional relief as may

be necessary and appropriate.

---

[1] The remaining portions of the *Order* — including an order promulgating new regulations (which includes information redacted from the public version of the *Order*) and a further notice of proposed rulemaking — have not yet been published in the Federal Register.

Respectfully submitted,

/s/ *Scott H. Angstreich*

Michael H. Pryor                    Scott H. Angstreich
BROWNSTEIN HYATT FARBER              Justin B. Berg
  SCHRECK, LLP                      Jordan R. G. González
1155 F Street N.W. Suite 1200       KELLOGG, HANSEN, TODD,
Washington, D.C. 20004                FIGEL & FREDERICK, P.L.L.C.
(202) 389-4706                      1615 M Street, N.W., Suite 400
mpryor@bhfs.com                     Washington, D.C. 20036
                                    (202) 326-7900
                                    sangstreich@kellogghansen.com
                                    jberg@kellogghansen.com
                                    jgonzalez@kellogghansen.com

*Counsel for Securus Technologies, LLC*

August 30, 2024

## CERTIFICATE OF ELECTRONIC SUBMISSION

I hereby certify that:  (1) any required privacy redactions have been made;

(2) the electronic submission of this document is an exact copy of any

corresponding paper document; and (3) the document has been scanned for viruses

with the most recent version of a commercial virus-scanning program and is free

from viruses.

/s/ *Scott H. Angstreich*
Scott H. Angstreich
*Counsel for Securus Technologies, LLC*

August 30, 2024

# CERTIFICATE OF SERVICE

I hereby certify that, on August 30, 2024, I caused to be filed electronically the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system.  I further certify that, on this day, a copy of the foregoing was served on the individuals listed below by United States first-class mail:

Merrick B. Garland
Attorney General
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

P. Michele Ellison
General Counsel
Federal Communications Commission
Office of the General Counsel
45 L Street, N.E.
Washington, D.C. 20554

/s/ *Scott H. Angstreich*
Scott H. Angstreich
*Counsel for Securus Technologies, LLC*

`                                           No.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRIMINAL JUSTICE REFORM CLINIC, | PETITION FOR REVIEW OF FCC DECISION |
| Petitioner, | |
| v. | |
| FEDERAL COMMUNICATIONS COMMISSION AND THE UNITED STATES OF AMERICA, | |
| Respondents, | |

Pursuant to 47 U.S.C. § 402(a), 28 U.S.C. §§ 2342(1) and 2344, and Rule 15(a) of the Federal Rules of Appellate Procedure, the Criminal Justice Reform Clinic ("CJRC") hereby petitions for review of the attached Order of the Federal Communications Commission ("FCC" or "Commission"), *Incarcerated People's Communication Services; Implementation of the Martha Wright-Reed Act, Rates for Interstate Inmate Calling Services, Report and Order, Order on Reconsideration, Clarification and Waiver, and Further Notice of Proposed Rulemaking*, WC Docket Nos. 12-375 & 23-62 (rel. July 22, 2024) ("*Order*") (Att. A).

This petition for review is being filed as a protective matter. CJRC believes that only the portion of the *Order* published in the Federal Register on August 26, 2024, is reviewable at this time. *See* 89 Fed. Red. 68,369 (Aug. 26, 2024) (Att. B). The portion of the *Order* which CJRC seeks to challenge (a section of the *Report and Order*) has not yet been published in the Federal Register. However, in the event this or another Court deems the entire *Order* to be reviewable at this time, this protective petition for review would be operative.

Because this and other petitions for review of this decision were filed in multiple appellate circuits, petitioners respectfully advise the Court that it anticipates 28 U.S.C. § 2112(a)(3) will result in a referral to the judicial panel on multidistrict litigation.

Venue is proper in this Court under 28 U.S.C. § 2343. CJRC's principal place of business is located in Portland, Oregon, in this judicial circuit and CJRC participated in the agency proceedings. This petition is timely with respect to the August 26, 2024, Federal Register publication because it is being filed within the 60-day deadline established by 28 U.S.C. § 2344. It is also being filed within the 10-day deadline established by the Hobbs Act, 28 U.S.C. § 2112(a)(1).[1]

---

[1] CJRC understands that at least one petition for review of the *Order on Reconsideration, Clarification and Waiver* portion of the *Order* has been filed. CJRC believes that to the extent such other petition or petitions for review do not relate to the *Report and Order* portion of the *Order*, they have no bearing on the timing or venue of this or any other petition for review of the *Report and Order* portion of the *Order* as may be filed subsequent to the Federal Register publication of the *Report and Order*

CJRC was a party in the rulemaking proceeding from which relief is sought and seeks review of challenged portions of the *Order* on the grounds that they were arbitrary and capricious, an abuse of discretion, or otherwise contrary to law. Specifically, CJRC seeks review on the grounds that the *Order* arbitrarily and capriciously determined that communications security services are used and useful in the provision of incarcerated people's communications services.

CJRC regularly represents adults in custody in Oregon's twelve prisons which are located throughout the state. CJRC students and staff speak with incarcerated clients in clemency and parole matters, incarcerated youth in matters involving court access, and collaborators on legislative projects. The CJRC relies on the Oregon Department of Corrections' communications services daily to serve its clients in pursuit of these goals. The CJRC also provides legal information and navigation to hundreds of adults in custody, many of whom are incarcerated over 200 miles away from the CJRC and do not have viable legal alternatives. Furthermore, the prohibitive cost barrier for incarcerated family communications causes CJRC to take on a role as an intermediary between incarcerated individuals and their loved ones. This additional burden strains the CJRC's already limited time and resources and hinders its ability to provide services

---

portion of the *Order*. However, as a protective matter, CJRC intends to submit this petition for review for random selection pursuant to 28 U.S.C. §2112(a) in the event that any of these other petitions for review are treated as qualifying for such random selection as may implicate the *Report and Order* portion of the *Order*.

to its clients and the incarcerated community at large. Through its rate-setting activities, the Commission directly impacts the CJRC's ability to effectively represent its clients and provide assistance to inquirers.

CJRC respectfully requests that the Court hold unlawful, enjoin, and set aside the contested portions of the *Order*, and grant all such further relief as may be just and proper.

DATED: September 5, 2024

Respectfully submitted,

*s/ Amy E. Potter*
AMY E. POTTER, OSB No. 231794
Angeli Law Group LLC
121 SW Morrison Street, Suite 400
Portland, Oregon 97204

*s/ Aliza Kaplan*
Criminal Justice Reform Clinic
10101 S. Terwilliger Blvd.
Portland, Oregon 97219 USA
503-768-6600
akaplan@lclark.edu

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to the United States Court of Appeals for the Ninth District Rule 26.1 and Federal Rule of Appellate Procedure 26.1, the Criminal Justice Reform Clinic (CJRC), an assumed business name of Lewis & Clark College, respectfully states it is a non-profit organization with no parent companies, subsidiaries or affiliates and that none of them have issued shares to the public.

CJRC is a law school clinic that represents and advocates for incarcerated individuals in the back end of the criminal legal system.

DATED: September 5, 2024

Respectfully submitted,

*s/ Amy E. Potter*
AMY E. POTTER, OSB No. 231794
Angeli Law Group LLC
121 SW Morrison Street, Suite 400
Portland, Oregon 97204

*s/ Aliza Kaplan*
Criminal Justice Reform Clinic
10101 S. Terwilliger Blvd.
Portland, Oregon 97219 USA
503-768-6600
akaplan@lclark.edu

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court for the United States Court of Appeals for the Ninth Circuit by using the appellate

CM/ECF system on September 5, 2024.

      I certify that I served respondents via email:
P. Michele Ellison
General Counsel
Federal Communications Commission
Washington, D.C. 20554
FCCLitigation@fcc.gov

      I further certify that I have served the following by US mail, postage prepaid:

Hon. Merrick Garland
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

DATED: September 5, 2024.

                      *s/ Amy E. Potter*
                      AMY E. POTTER, OSB No. 231794
                      Angeli Law Group LLC
                      121 SW Morrison Street, Suite 400
                      Portland, Oregon 97204

# IN THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## <u>PROOF OF SERVICE</u>

I, Jacob M. Lewis, hereby certify that on September 16, 2024, I electronically filed the foregoing Notice to the Judicial Panel on Multidistrict Litigation of the Multicircuit Petitions for Review with the Clerks of the United States Courts of Appeals for the First, Third, Fifth, and Ninth Circuits by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

<u>/s/ Jacob M. Lewis</u>

Jacob M. Lewis
jacob.lewis@fcc.gov
Deputy General Counsel

Federal Communications Commission
45 L Street, N.E.
Washington, D.C. 20554
(202) 418-1740
fcclitigation@fcc.gov

| | |
|---|---|
| Maria R. Hamilton, Clerk of Court<br>United States Court of Appeals for the First Circuit<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way<br>Suite 2500<br>Boston, MA 02210<br>(617) 748-9057<br>www.ca1.uscourts.gov | Patricia S. Dodszuweit, Clerk of Court<br>United States Court of Appeals for the Third Circuit<br>21400 U.S. Courthouse<br>601 Market Street<br>Philadelphia, PA 19106<br>(215) 597-2995<br>www.ca3.uscourts.gov |
| Lyle W. Cayce, Clerk of Court<br>United States Court of Appeals Fifth Circuit<br>Office of the Clerk<br>F. Edward Hebert Building<br>600 S. Maestri Place<br>New Orleans, LA 70130-3408<br>(504) 310-7700<br>www.ca5.uscourts.gov | Molly Dwyer, Clerk of Court<br>Office of the Clerk<br>United States Court of Appeals for the Ninth Circuit<br>P.O. Box 193939<br>San Francisco, CA 94119-3939<br>(415) 355-8000<br>www.ca9.uscourts.gov |
| Jessica Ring Amunson<br>jamunson@jenner.com<br>JENNER & BLOCK LLP<br>1099 New York Ave. N.W. Suite 900<br>Washington, D.C. 20001<br>(202) 639-6000<br><br>*Counsel for: Direct Action For Rights And Equality* | Andrew Jay Schwartzman<br>AndySchwartzman@gmail.com<br>525 Ninth Street NW<br>Seventh Floor<br>Washington, DC 20004<br>(202) 241-2408<br><br>*Counsel for: Pennsylvania Prison Society* |

| | |
|---|---|
| Amy Elizabeth Potter<br>amy@angelilaw.com<br>ANGELI LAW GROUP<br>121 SW Morrison Street<br>Suite 400<br>Portland, OR 97204<br>(503) 954-2232<br><br>*Counsel for: Criminal Justice Reform Clinic* | Scott H. Angstreich<br>sangstreich@kellogghansen.com<br>KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.<br>Suite 400<br>1615 M Street, N.W.<br>Sumner Square<br>Washington, DC 20036<br>(202) 326-7959<br><br>*Counsel for:  Securus Technologies, L.L.C.* |
| Professor Aliza B. Kaplan<br>akaplan@lclark.edu<br>Lewis & Clark Law School<br>10101 S Terwilliger Boulevard<br>Portland, OR 97219<br>(503) 768-6721<br><br>*Counsel for: Criminal Justice Reform Clinic* | Robert Nicholson<br>robert.nicholson@usdoj.gov<br>Antitrust Division<br>Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>(202) 514-2460<br><br>*Counsel for: United States of America* |
| Michael H. Pryor<br>mpryor@bhfs.com<br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>1155 F Street NW<br>Suite 1200<br>Washington, DC 20004<br>(202) 389-4706<br><br>*Counsel for:  Securus Technologies, LLC* | |